```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                          BECKLEY

EDMOND HANNAH,

     Movant,

v.                                   Case No. 5:06-cv-00851
                                     Case No. 5:94-cr-00010

UNITED STATES OF AMERICA,

     Respondent.
```

## PROPOSED FINDINGS AND RECOMMENDATION

On October 2, 2006, Movant, Edmond Hannah (hereinafter "Defendant") filed a letter-form motion, which has been construed as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket sheet document # 131). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the motion and all related materials shall be examined promptly, and if it plainly appears from the face of the motion that the movant is not entitled to relief, the court shall order its summary dismissal and cause the movant to be notified.

## PROCEDURAL HISTORY

On January 12, 1994, Defendant was indicted by a federal grand jury on one count of conspiracy to distribute and possess with

intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846 (Count One), one count of distribution of more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Two), and one count of aiding and abetting the distribution of more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Three).  (# 2).

A jury trial was conducted on April 20-21, 1994.  On April 20, 1994, the United States filed an Information notifying the court and Defendant that, if Defendant were found guilty, the United States intended to pursue enhanced penalties under 21 U.S.C. §§ 851(a)(1) and (b).  (# 45).  Defendant was found guilty on all of the counts contained in the Indictment on April 21, 1994.  (# 47).

On July 12, 1994, Defendant was sentenced to a 262-month term of imprisonment, followed by a ten-year term of supervised release. Defendant was also ordered to pay a $150 special assessment.  (See "Judgment," # 61, entered on July 12, 1994).  Defendant's appeal to the United States Court of Appeals for the Fourth Circuit was unsuccessful.  (United States v. Hannah, Case No. 94-5555, 51 F.3d 269, 1995 WL 133640(4th Cir., March 29, 1995), # 88).  Defendant did not file a petition for a writ of certiorari in the United States Supreme Court.

On April 28, 1997, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence (# 90)(Hannah v. United States, Case No. 5:97-cv-00459).  On January 28, 1998, the undersigned United States

Magistrate Judge submitted a Proposed Findings and Recommendation, finding that Defendant's criminal history points had been improperly calculated, but that the revised sentencing range under the United States Sentencing Guidelines would have encompassed Defendant's 262-month sentence.  Accordingly, the undersigned recommended that the District Judge presiding over that matter grant the section 2255 motion to the extent that Defendant's criminal history points be corrected, but recommended the denial of the remainder of Defendant's section 2255 motion.  (# 110).  On March 20, 1998, over Defendant's objection, the presiding District Judge adopted the undersigned's recommendation and denied Defendant's section 2255 motion, except to the extent that she ordered that Defendant's criminal history points, as stated in the Presentence Report, be corrected and the Bureau of Prisons be notified of the correction.  (# 114).

    Defendant filed a Notice of Appeal concerning the denial of his section 2255 motion on May 20, 1998, as well as an Application for a Certificate of Appealability.  (## 115, 116).  On November 4, 1998, the Fourth Circuit denied the Application for a Certificate of Appealability and dismissed the appeal for lack of merit. (<u>Hannah v. United States</u>, No. 98-6766, 165 F.3d 911, 1998 WL 767172, 4th Cir., Nov. 4, 1998)(unpublished)(## 126, 129). Defendant's petition for rehearing and rehearing en banc were denied on February 1, 1999.  (# 128).

On February 10, 2006, the Clerk docketed an order from the Fourth Circuit denying a motion for authorization under 28 U.S.C. § 2244 to file a successive section 2255 motion. (# 130). Then, on October 2, 2006, Defendant filed the instant letter, which has been construed as a letter-form motion under section 2255 to vacate, set aside or correct Defendant's sentence. (# 131).

## ANALYSIS

This is Defendant's second section 2255 motion. His first motion was denied on the merits on March 20, 1998. Thus, Defendant's motion is successive. 28 U.S.C. §§ 2255; 2244(b)(3)(A). Defendant has not received authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive petition. Accordingly, the court proposes that the District Court **FIND** that Defendant's motion is successive and that he has not received authorization to file a second or successive petition. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's letter-form section 2255 motion (# 131) and **DISMISS** this civil action.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28,

United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections), and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Edmond Hannah, and to counsel of record.

    November 30, 2006
           Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge